IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TAMMY J. SHOPE, Individually and as Administrator of the Estate of John Anderson Shope, Deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants. | Civil Action No: 5:18-cv-1623<br><br><br><br>COMPLAINT FOR PERSONAL INJURIES AND WRONGFUL DEATH |

Plaintiff, Tammy J. Shope, individually and as Administrator of the Estate of John Anderson Shope, deceased, for her Complaint for Personal Injuries and Wrongful Death, against Defendant, the United States of America, states and alleges as follows.

I.    PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of Henry County, Ohio.

2. At all relevant times, Defendant acted through its agencies, the United States Department of Veterans Affairs, and its Veterans Administration Medical Center in Ann Arbor, Michigan (hereinafter, the "VAMC Ann Arbor").

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b)(1), because the United States District Courts have exclusive jurisdiction of civil actions on claims against the United States for personal injury or death caused by the negligent or wrongful act or omission of employees of the United States government while acting within the scope of their employment.

4.  This court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because it is a civil action arising under the laws of the United States.

5.  Venue is proper in this court pursuant to 28 U.S.C. § 1402(b), because Plaintiff resides in this judicial district.

II.  FACTS

6.  Plaintiff's decedent died on September 15, 2015, at 6:12 a.m., as a direct and proximate result of a negligently performed liver biopsy at VAMC Ann Arbor.

7.  Within 30 minutes of the biopsy, Plaintiff's decedent had bled internally so profusely that be became profoundly hypotensive and tachycardic. He ultimately died of complications of hypovolemic shock.

CLAIM FOR RELIEF
(Claim Arising Under Federal Tort Claims Act – 28 U.S.C. § 2671, *et seq.*)

8.  Plaintiff incorporates by reference the allegations in Paragraphs 1 through 7 above as if fully rewritten herein.

9.  This is a civil action arising under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

10.  Defendant's liability is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674, because Plaintiff's decedent's personal injuries and wrongful death were proximately caused by breaches of applicable medical standards of care at VAMC Ann Arbor.

11.  Pursuant to 28. U.S.C. § 2675, this claim was presented to the appropriate agency of Defendant, namely the United States Department of Veterans Affairs. Because Defendant failed to respond in a timely manner, Plaintiff's claims were denied by operation of law.

12. Specifically, Defendant, by and through its VAMC Ann Arbor employees, failed to exercise the degree of skill, care, knowledge and diligence of ordinary and reasonable medical practitioners in their fields of expertise.

13. As a direct and proximate result of negligence by Defendant's VAMC Ann Arbor employees, Plaintiff's decedent bled so profusely after a liver biopsy that within 30 minutes he became profoundly hypotensive and tachycardic.

14. Within 18 hours of the aforementioned liver biopsy, Plaintiff's decedent died of complications of hypovolemic shock.

15. Plaintiff's decedent is survived by his wife, Plaintiff, Tammy J. Shope, who is a beneficiary of this action.

16. Plaintiff's decedent, age 58, had a life expectancy of more than five years at the time of his death.

17. Plaintiff has suffered damages for the loss of her decedent's society over his life expectancy, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, and counsel.

18. Plaintiff has also suffered damages for the mental anguish caused by her husband's death.

19. As a direct and proximate result of negligence of VAMC Ann Arbor employees, and the consequential death of Plaintiff's decedent, Plaintiff's decedent's beneficially entitled next of kin are entitled to damages under Ohio's Wrongful Death Statute, Chapter 2125 of the Ohio Revised Code, including without limitation:

    a. Reasonable medical, hospital, funeral and burial expenses;

    b. conscious pain and suffering;

  c.  loss of financial support;

  d.  loss of services;

  e.  loss of society and companionship;

  f.  loss of advice, guidance, counsel, instruction, training and education;

  g.  loss of gifts and other valuable gratuities; and

  h.  mental anguish incurred by the beneficially entitled next of kin.

WHEREFORE, Tammy J. Shope, individually and as Administrator of the Estate of John Anderson Shope, deceased, demands judgment against Defendant for the damages naturally and proximately resulting from the negligence of Defendant's VAMC Ann Arbor employees, for the costs of these proceedings, and for such other and further relief at law or in equity to which she may be entitled.

            Respectfully submitted,

            /s/ Thomas J. Intili
            Thomas J. Intili, Trial Attorney (0036843)
            Danielle A. Groves (0081136)
            INTILI & GROVES CO., L.P.A.
            2300 Far Hills Avenue
            Dayton, Ohio 45419-1550
            (937) 226-1770; Fax: (937) 281-1562
            E-mails: tom@igattorneys.com
                danielle@igattorneys.com

            Attorneys for Plaintiff