UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tammy J. Shope,  Case No. 3:18-cv-1623
*Individually and as Administrator*
*Of the Estate of John Anderson Shope,*
*Deceased,*

        Plaintiff,

v.  MEMORANDUM OPINION
AND ORDER

United States of America,

        Defendant.

## I.    Introduction

Plaintiff Tammy J. Shope initiated this litigation on behalf of herself and as administrator of the estate of her deceased husband, John Anderson Shope. Plaintiff seeks summary judgment on the issue of which state's law – Michigan's or Ohio's – applies to her claim under the Federal Tort Claims Act. (Doc. No. 24). The government filed a brief in response, (Doc. No. 26), and Plaintiff filed a brief in reply. (Doc. No. 27).

## II.    Background

In September of 2015, John Anderson Shope, an Army veteran and Ohio resident, traveled to the Veterans Administration Medical Center in Ann Arbor, Michigan, to undergo a liver biopsy and ablation in connection with his early-stage liver cancer. John also suffered from a low platelet count and he tragically bled to death within hours of the procedure. Plaintiff asserts John's death was the result of the medical negligence of the interventional radiologist who performed the

procedure and seeks to recover damages from the United States Department of Veterans Affairs for John's personal injuries and wrongful death. (Doc. No. 1 at 2-3).

Plaintiff filed suit in the Northern District of Ohio, Western Division, because she resides in this district. *See* 28 U.S.C. § 1402(b). She argues that, under Michigan's choice of law rules, Ohio law applies to her tort claim. (Doc. No. 24). The government agrees Michigan's choice of law rules apply but argues those rules point to the application of Michigan law to Plaintiffs' claim. (Doc. No. 26).

### III.     ANALYSIS

The United States has waived its sovereign immunity for civil actions seeking monetary damages for

> personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The "law of the place where the act or omission occurred" includes that State's choice-of-law rules. *See, e.g., Richards v. United States*, 369 U.S. 1, 11-14 (1962); *Gowdy v. United States*, 412 F.2d 525, 527 (6th Cir. 1969).

The parties agree Michigan's choice-of-law rules apply because the act or omission giving rise to Plaintiff's claim occurred in Michigan. Under those rules, Michigan law applies unless there is a "rational reason" to apply the law of another state. *Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W.2d 466, 471 (Mich. 1997). To determine whether a "rational reason" exists, a court must determine (1) if another state "has an interest in having its law applied" and, if so, (2) whether "Michigan's interests mandate that Michigan law be applied, despite the [other state's] interests." *Id.* (citation omitted).

*Sutherland*, in large part, answers the first (and determinative) question. The only contact Ohio has with this litigation is that Plaintiff is an Ohio resident and "[t]he United States Supreme Court has stated that the plaintiff's residence, with nothing more, is insufficient to support the choice of a state's law." *Id.* (citing *Home Ins. Co. v. Dick*, 281 U.S. 397, 408 (1930)). This litigation is centered on acts and omissions which occurred in Michigan. John traveled to Michigan to undergo surgery at a Michigan-based hospital, performed by a Michigan-based surgeon, and received his post-surgical care at that Michigan-based hospital. (Doc. No. 1 at 1-3). The only connection Ohio has to the events which gave rise to this case is the fact that John was an Ohio resident. This is insufficient to overcome the presumption in favor of the application of Michigan law. *See Sutherland*, 562 N.W.2d at 471-72.

Plaintiff contends "Ohio has an interest in having its law applied, because the tort victim is an Ohio citizen seeking redress for injuries in a court situated in Ohio where jurisdiction and venue are indisputably proper." (Doc. No. 24 at 4). While Plaintiff is correct that both jurisdiction and venue are proper in this Court, those things are true because of statute and Plaintiff's residence. Section 1346(b)(1) vests the federal courts with exclusive jurisdiction over claims like Plaintiff's, and § 1402(b) limits the proper venue to the plaintiff's place of residence or the place where the underlying act or omission occurred. Thus, jurisdiction and venue are proper here because of Plaintiff's residence, and not because of any connection between Ohio and the events underlying this litigation.

Moreover, the fact that John received his primary medical care and treatment at a V.A. healthcare facility located in Toledo, Ohio does not increase Ohio's connection to the acts and omissions at issue in this case. (*See* Doc. No. 27 at 3). Plaintiff does not allege that John sustained personal injuries from, or that his death was caused by, his course of care at the Toledo facility. The complaint establishes that the claims at issue in this case arise solely from the acts and omissions of

3

individuals located in Michigan. (Doc. No. 1 at 2-3). The record before me contains no evidence that John's separate, though long-standing, medical treatment relationships in Ohio resulted in his death.

Plaintiff also argues Ohio has a strong interest in ensuring its citizens are appropriately compensated for deaths caused by a defendant's wrongful acts or omissions. (Doc. No. 24 at 4-5; Doc. No. 27 at 3-4). While this may be true, it does not mean Ohio has a strong interest in applying its law to the conduct of individuals located in other states. Moreover, Plaintiff's argument runs counter to the plain language of § 1346(b)(1), which calls for the application of the law of the place in which the underlying act or omission occurred, rather than the law of place in which the injured party resides.

Nearly all – if not all – of the conduct giving rise to this case occurred in Michigan. Under Michigan's choice-of-law rules, this means Michigan law applies to Plaintiff's claim. *Cf. VanPortfliet v. Carpet Direct Corp.*, 2017 WL 1023380, at 84 (D. Col. March 15, 2017) (applying *Sutherland* and holding Colorado law applied to dispute in which "virtually all of the conduct between the parties occurred in Colorado"); *Jarrett v. Terrell*, Case No. CV19-6234, 2020 WL 2081583, at *5-6 (C.D. Cal. March 5, 2020) (applying *Sutherland* and holding California law applied to case in which "virtually all" of the underlying conduct occurred in California and to which Michigan's only contact was as plaintiff's residence). Further, because no other state's law overcomes the presumption in favor of the application of Michigan law, I need not consider the factors applicable to step two of the *Sutherland* analysis. *See Sutherland*, 562 N.W.2d at 471.

### IV. CONCLUSION

For the reasons stated above, I conclude Michigan law applies to Plaintiff's claim.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge